**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| HITHAM ABUHOURAN, | |
| Petitioner, | CIVIL ACTION NO. 3:11-CV-1846 |
| v. | (JUDGE CAPUTO) |
| WARDEN H.L. HUFFORD, | (MAGISTRATE JUDGE BLEWITT) |
| Respondent. | |

**MEMORANDUM**

Presently before the Court is Magistrate Judge Blewitt's Report and Recommendation ("R & R") and Petitioner Hitham Abuhouran's Objections. Magistrate Judge Blewitt recommends that Mr. Abuhouran's Petition for Writ of Habeas Corpus be dismissed with prejudice. Because Mr. Abuhouran's petition constitutes an abuse of the writ and brings claims improper under 28 U.S.C. § 2241, Magistrate Judge Blewitt's R & R will be adopted.

**I. Background**

**A. Factual Background**

The opinion dismissing Mr. Abuhouran's prior § 2241 habeas petition, *Abuhouran v. Grondolsky*, 643 F. Supp. 2d 654, 655 (D.N.J. 2009), contains a complete factual background. Only the facts relevant to the instant motion will be presented here.

On October 12, 1995, Mr. Abuhouran was charged with twenty-seven criminal counts in the United States District Court for the Eastern District of Pennsylvania: fifteen counts of bank fraud in violation of 18 U.S.C. § 1344, four counts of money laundering in violation of 18 U.S.C. § 1956, one count of conspiracy to commit money laundering in violation of 18

U.S.C. § 371, one count of conducting continuing financial crimes in violation of 18 U.S.C. § 225, and one count of interstate transportation of property obtained by fraud in violation of 18 U.S.C. § 2314. The charges stemmed out of Mr. Abuhouran's involvement in a scheme to fraudulently obtain over $9 million in loans from the Bank of the Brandywine Valley.

Mr. Abuhouran pled guilty to all twenty-seven counts on September 10, 1996. On August 15, 1997, he was sentenced to a concurrent term of imprisonment of 188 months and ordered to pay restitution in the amount of $6,917,246.10. *See United States v. Abuhouran*, No. 95-CR-0560-04. Mr. Abuhouran is currently incarcerated at the Federal Correctional Institute in Schuylkill; the Respondent in this case is the warden at FCI-Schuylkill.

**B. Procedural Background**

On February 10, 2000, Mr. Abuhouran filed a habeas petition pursuant to 28 U.S.C. § 2255. The District Court for the Eastern District of Pennsylvania denied the motion on November 26, 2002. *United States v. Abuhouran*, 232 F. Supp. 2d 447 (E.D. Pa. 2002). He filed an appeal, but the appeal was dismissed by the Third Circuit on June 5, 2003.

On September 3, 2008, Mr. Abuhouran filed a habeas petition pursuant to 28 U.S.C. § 2241 in the District of New Jersey. The district court dismissed his petition with prejudice on July 20, 2009, *Abuhouran v. Grondolsky*, 643 F. Supp. 2d 654 (D.N.J. 2009), and the Third Circuit affirmed the dismissal on August 25, 2010, *Abuhouran v. Grondolsky*, Nos. 09-3162, 09-3244, 392 Fed. App'x 78 (3d Cir. Aug. 25, 2010).

Mr. Abuhouran filed the instant § 2241 habeas petition on October 6, 2011.

Magistrate Judge Blewitt reviewed the petition pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts,[1] 28 U.S.C. foll. § 2254, which states that "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner." On November 3, 2011, Magistrate Judge Blewitt issued an R & R recommending dismissal of the petition. Mr. Abuhouran responded with objections on November 16, 2011. The petition, R & R, and objections are now ripe for review.

## II. Legal Standard

Where objections to a magistrate judge's report are filed, a district court must conduct a *de novo* review of the contested portions of the report, *Sample v. Diecks*, 885 F.2d 1099, 1106 n.3 (3d Cir. 1989) (citing 28 U.S.C. § 636(b)(1)(c)), provided the objections are both timely and specific, *Goney v. Clark*, 749 F.2d 5, 6-7 (3d Cir. 1984). In making its *de novo* review, the Court may accept, reject, or modify (in whole or in part) the factual findings or legal conclusions of the magistrate judge. *See* 28 U.S.C. § 636(b)(1); *Owens v. Beard*, 829 F. Supp. 736, 738 (M.D. Pa. 1993). Although the review is *de novo*, the statute permits the Court to rely on the recommendations of the magistrate judge to the extent it deems proper. *See United States v. Raddatz*, 447 U.S. 667, 675-76 (1980); *Goney*, 749 F.2d at 7; *Ball v. U.S. Parole Comm'n*, 849 F. Supp. 328, 330 (M.D. Pa. 1994). Uncontested portions of the report may be reviewed at a standard determined by the district court. *See Thomas v. Arn*, 474 U.S. 140, 154 (1985); *Goney*, 749 F.2d at 7. At the very

---

[1] Under Rule 1(b), the rules also apply to habeas corpus petitions under § 2241.

least, the Court should review uncontested portions for clear error or manifest injustice. *See, e.g., Cruz v. Chater*, 990 F. Supp. 375, 376-77 (M.D. Pa. 1998).

## III. Discussion

Mr. Abuhouran seeks a writ of habeas corpus pursuant to 28 U.S.C. § 2241. Section 2241 confers jurisdiction on district courts to issue writs of habeas corpus in response to a petition from a state or federal prisoner who is in custody "in violation of the Constitution or laws or treaties of the United States." *Id.* §§ 2241(a), (c)(3). Mr. Abuhouran presents three reasons why he is in custody in violation of the law: (1) the Supreme Court's decision in *United States v. Santos*, 553 U.S. 507 (2008), decriminalized the conduct underlying his conviction; (2) the monetary amounts used to calculate his sentence enhancements were incorrect; (3) he received ineffective assistance of counsel.

Magistrate Judge Blewitt recommends that Mr. Abuhouran's petition be dismissed with prejudice on the grounds that it is an improper successive petition. 28 U.S.C. § 2244(a) states that a district judge is not required to entertain a federal prisoner's habeas petition "if it appears that a federal court has determined the legality of a prisoner's detention on a prior habeas petition, except as provided in § 2255."[2] The Third Circuit has held that

---

[2] Section 2255 provides:

> A second or successive motion must be certified as provided in section 2244 by a panel of the appropriate court of appeals to contain–
>
> (a) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or
>
> (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

§ 2244(a) applies to petitions filed pursuant to § 2241. *Queen v. Miner*, 530 F.3d 253, 255 (3d Cir. 2008). The Supreme Court has further stated that a petitioner may not raise a new claim in a subsequent habeas petition that he could have raised in his first. *McCleskey v. Zant*, 499 U.S. 467, 489 (1991). This rule, referred to as the "abuse-of-the-writ doctrine," also applies to § 2241 petitions. *See Queen*, 530 F.3d at 255; *Zayas v. INS*, 311 F.3d 247, 257 (3d Cir. 2002).

Because Mr. Abuhouran could have raised his claim regarding the *Santos* case in his previous petition, the magistrate judge's recommendation will be adopted. Mr. Abuhouran's prior § 2241 petition in the District of New Jersey raised the issue of whether the holding in *Santos* decriminalized his conduct; the District Court and Third Circuit held that it did not. *See Abuhouran*, 643 F. Supp. 2d 654, *aff'd*, 392 Fed. App'x 78. Mr. Abuhouran objects to the recommendation, arguing that his prior § 2241 petition did not specifically address the enhancements in Count 27 and 54. But even accepting Mr. Abuhouran's argument that these are novel claims, they are still claims that were available to him at the time of his first § 2241 petition. When the Supreme Court issued a decision in *Santos*, Mr. Abuhouran was given the opportunity to file a § 2241 petition on the grounds that *Santos* decriminalized his conduct, and he took that opportunity. At that time, he could have and should have raised all arguments arising from the *Santos* case. To allow Mr. Abuhouran to bring multiple habeas petitions based on *Santos* would be an abuse of the writ. For these reasons, Mr. Abuhouran's claim regarding *Santos* must be dismissed with

---

The certification requirement of § 2244(b), known as the "gatekeeping provision," does not apply to § 2241 petitions. *Queen v. Miner*, 530 F.3d 253, 255 (3d Cir. 254-55). Thus, Mr. Abuhouran was not required to seek permission from the court of appeals before filing his second § 2241 petition. *See Zayas v. INS*, 311 F.3d 247, 255 (3d Cir. 2002).

prejudice.

Further, Mr. Abuhouran may not bring his claims regarding improper sentencing calculations and ineffective assistance of counsel in a § 2241 motion. Generally, petitions pursuant to 28 U.S.C. § 2255 "are the presumptive means by which federal prisoners can challenge their convictions or sentences that are allegedly in violation of the Constitution." *Okereke v. United States*, 307 F.3d 117, 120 (3d Cir. 2002). A prisoner may only file a § 2241 petition where "a § 2255 motion would be 'inadequate or ineffective.'" *Cradle v. United States ex rel. Miner*, 290 F.3d 536, 538 (3d Cir. 2002); *see also* 28 U.S.C. § 2255(e). Thus, a prisoner may file a § 2241 petition to challenge "some aspect of the *execution* of their sentence, such as denial of parole." *Coady v. Vaughn*, 251 F.3d 480, 485 (3d Cir. 2001) (emphasis added). The Third Circuit also allows a prisoner to file a § 2241 petition where "an intervening change in substantive law has potentially made the conduct for which the petitioner was convicted non-criminal." *Robinson v. Bledsoe*, No. 11–4491, 2012 WL 812355 at *1 (3d Cir. Mar. 13, 2012) (per curiam) (citing *In re Dorsainvil*, 119 F.3d 245, 248 (3d Cir. 1997)). Mr. Abuhouran's claims regarding improper sentence calculations and ineffective assistance do not fall into these exceptions; rather, a § 2255 petition would be an adequate means by which to raise them. Further, Mr. Abuhouran has already brought § 2255 petitions in which he could have raised these claims. Thus, even if these claims were properly stated in a § 2255 petition, they could not stand under § 2244(a) and the abuse of the writ doctrine. Thus, these claims must be dismissed with prejudice.

Finally, there is no merit to Mr. Abuhouran's objection that Magistrate Judge Blewitt erred by recommending *sua sponte* dismissal. Mr. Abuhouran correctly points out that the

respondent generally has the burden of pleading abuse of writ. *See Furnari v. U.S. Parole Comm'n*, 531 F.3d 241, 251 (3d Cir. 2008). But a court may raise the issue *sua sponte* so long as it provides the petitioner with an opportunity to respond. *See Milanovic v. Samuels*, No. 07-4417, 266 Fed. App'x 91, 92 (3d Cir. Jan. 28, 2008); *McCarthy v. Warden, USP Lewisburg*, No. 1:10-cv-1673, 2010 WL 5775089, at *2 (M.D. Pa. Dec. 8, 2010). Here, Magistrate Judge Smyer's R & R stated that Mr. Abuhouran had fourteen days to file objections. This provided Mr. Abuhouran with sufficient opportunity to respond, and he did in fact respond with objections. Therefore, the magistrate judge did not err.

### IV. Conclusion

For the reasons stated above, Magistrate Judge Blewitt's R&R will be adopted, and Mr. Abuhouran's Petition for Writ of Habeas Corpus will be dismissed with prejudice. An appropriate order follows.

| | |
|---|---|
| March 26, 2012<br>Date | /s/ A. Richard Caputo<br>A. Richard Caputo<br>United States District Judge |